# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **A.R.**

**No. 18-0050** (Marshall County 06-JA-38)

**FILED**

**June 12, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother S.A., by counsel Casey Jo Wynn, appeals the Circuit Court of Marshall County's December 20, 2017, order denying her motion to revoke her voluntary relinquishment of parental rights and modify disposition of A.R.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Mindy M. Parsley, filed a response in support of the circuit court's order and a supplemental appendix. The guardian ad litem ("guardian"), J.K. Chase, IV, filed a response on behalf of the child in support of the circuit court's order. Petitioner filed a reply. On appeal, petitioner argues that the circuit court erred in denying her motion to revoke her relinquishment and finding that the child's best interests would not be served in petitioner's custody.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In December of 2006, the DHHR filed a child abuse and neglect petition alleging that petitioner was "continually moving [the child] from one family member to another without providing . . . food or clothing." Further, the DHHR alleged that the child was "infected with scabies." The circuit court held an adjudicatory hearing in March of 2007, and petitioner admitted to the allegations contained in the petition. The circuit court adjudicated petitioner as an abusing parent. Petitioner moved for a post-adjudicatory improvement period, which the circuit court eventually granted.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

In July of 2007, the circuit court held a review hearing, and petitioner indicated that she had reviewed and executed a voluntary relinquishment of her parental rights form with assistance from her counsel. The form provided that petitioner "understood that the termination of parental rights and obligations is permanent whether or not any agreement for visitation or communication with the child is subsequently performed." Further, the executed form provided that petitioner had "not been induced or threatened into signing this Relinquishment and no promises have been made or rewards offered in consideration of my signing this form." The circuit court questioned petitioner regarding her intent to relinquish her parental rights. Petitioner testified that she understood the document and had no questions. Accordingly, the circuit court found that the relinquishment "was made freely, voluntarily and without any coercion or duress, [and] that the relinquishment is in the child's best interest." The circuit court accepted the voluntarily relinquishment of petitioner's parental rights. Ultimately, the child was placed in the legal guardianship of her relatives, A.S. and J.S., but was never adopted by them.

In October of 2017, petitioner filed a "Petition to Re-Open Case and to Modify Custody" wherein she alleged that she had relinquished her parental rights "in the belief that she could revoke in [the] future and regain custody of her daughter when she had the means." Petitioner alleged that A.S. and J.S.'s home was not "a safe or wholesome environment for the [c]hild," and that A.S. was arrested following an attempted robbery. Finally, petitioner alleged that she had adequate means to provide for the child. The DHHR and guardian filed responses to the petition and motions to dismiss the petition due to a lack of standing. The parties argued that because petitioner relinquished her rights, she did not have standing to move to modify disposition pursuant to West Virginia Code § 49-4-606 and relevant case law. Petitioner filed a memorandum in opposition to the motions to dismiss. In December of 2017, the circuit court found that petitioner did not have standing to seek modification and dismissed her petition in its December 20, 2017, order. Petitioner now appeals that order.[2]

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

---

[2]The father's parental rights were terminated in 2007. According to the parties, the permanency plan for the child is adoption in her relative foster placement with a concurrent plan of legal guardianship in that placement.

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in finding that she did not have standing to modify disposition pursuant to West Virginia Code § 49-4-606, a statute that permits modification of abuse and neglect dispositional orders in certain circumstances. In her brief on appeal, petitioner asserts that she had the right to revoke her relinquishment of parental rights to A.R. pursuant to West Virginia Code § 48-22-305, a statute pertaining to the relinquishment of parental rights or consent for adoption in non-abuse and neglect situations. Petitioner argues that if the circuit court permitted her to revoke the relinquishment of her parental rights to the child, then she would have been a legal parent of the child and permitted to modify disposition. We disagree and find no merit in petitioner's argument. Petitioner relinquished her parental rights during the course of a child abuse and neglect proceeding, which was governed by Chapter 49 of the West Virginia Code and the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings, rather than Chapter 48. Petitioner cites to no authority that provides her relief under Chapter 49 of the West Virginia Code.[3]

Regarding the relinquishment of parental rights, West Virginia Code § 49-4-607 provides that "[a]n agreement of a natural parent in termination of parental rights [is] valid if made by a duly acknowledged writing, and entered into under circumstances free from duress and fraud." We have held that a circuit court "*may* conduct a hearing to determine whether the signing by a parent of an agreement relinquishing parental rights was free from duress and fraud."[4] *In re Cesar L.*, 221 W. Va. 249, 261, 654 S.E.2d 373, 385 (2007) (quoting syl. pt. 3, *State ex rel Rose v. Pancake*, 209 W. Va. 188, 544 S.E.2d 403 (2001)).[5] "Whether there has been fraud or duress is a question of fact that must be determined by the circuit court judge." *Rose*, 209 W. Va. at 191, 544 S.E.2d at 406.

---

[3]West Virginia Code § 49-4-114(a)(2) references West Virginia Code § 48-22-303 and provides that "[t]he form of any relinquishment so required shall conform as nearly as practicable to the requirements established in [West Virginia Code § 48-22-303] and all other provisions of that article providing for relinquishment for adoption shall govern the proceedings herein." However, this section does not reference the avenues to revoke relinquishment as provided under West Virginia Code § 48-22-305. Further, Chapter 49 of the West Virginia Code and the relevant West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings provide separate and distinct provisions regarding relinquishment and a parent's right to revoke the same. Accordingly, it is appropriate to apply the procedure found in Chapter 49 to revoke a relinquishment of parental rights for abuse and neglect proceedings to the facts of this case.

[4]Further, "the word 'may' generally is afforded a permissive connotation, which renders the referenced act discretionary, rather than mandatory, in nature." *In re Cesar L.*, 221 W. Va. 249, 261, 654 S.E.2d 373, 385 (2007) (citing *State v. Hendrick*, 204 W. Va. 547, 514 S.E.2d 397, 402 (1999)).

[5]Although *In re Cesar L.*, 221 W. Va. 249, 654 S.E.2d 373 (2007), analyzed West Virginia Code §§ 49-6-6 and -7, these sections were recodified in 2015 to West Virginia Code §§ 49-4-606 and -607. The language of these code sections was unchanged in the recodification.

[T]he threshold for establishing duress and fraud in the context of the relinquishment of parental rights is extremely high. As to duress, this Court has held that, in the context of an adoption, duress "means a condition that exists when a natural parent is induced by the unlawful or unconscionable act of another to consent to the adoption of his or her child. Mere 'duress of circumstance' does not constitute duress[.]" Syl. pt. 2, in part, *Wooten v. Wallace*, 177 W.Va. 159, 351 S.E.2d 72 (1986). *See also Baby Boy R. v. Velas*, 182 W.Va. 182, 185, 386 S.E.2d 839, 842 (1989) ("[Duress] means a condition that exists when a natural parent is induced by the unlawful or unconscionable act of another to consent to the adoption of his or her child."). . . . The essential elements in an action for fraud are: (1) that the act claimed to be fraudulent was the act of the defendant or induced by him; (2) that it was material and false; that plaintiff relied on it and was justified under the circumstances in relying upon it; and (3) that he was damaged because he relied on it. Syl. pt. 1, *Lengyel v. Lint*, 167 W.Va. 272, 280 S.E.2d 66 (1981).

*Cesar L.*, 221 W. Va. at 261-62, 654 S.E.2d at 385-86 (quoting *Rose*, 209 W. Va. at 192, 544 S.E.2d at 407).

Here, we find that petitioner's relinquishment of her parental rights was valid and free from duress or fraud. Petitioner reviewed and executed a relinquishment form with the assistance of counsel. Petitioner testified that she understood the form and had no questions regarding its contents. In that form, petitioner asserted that she "had not been induced or threatened" into relinquishing her parental rights and that "no promises have been made or rewards offered in consideration" of her relinquishment. These statements constitute judicial admissions by petitioner. "A judicial admission is a statement of fact made by a party in the course of the litigation for the purpose of withdrawing the fact from the realm of dispute." Syl. Pt. 4, *State v. McWilliams*, 177 W. Va. 369, 352 S.E.2d 120 (1986). Further, even though petitioner attempted to dispute her admissions, she did not allege that her relinquishment was the product of fraud or duress in her recent petition to the circuit court. Rather, petitioner asserted before the circuit court that "she relinquished in the belief that she could revoke in [the] future and regain custody of her daughter when she had the means" and that the relinquishment "advise[d] her that she can revoke [it] at any time before adoption." Yet, the plain language in the initial paragraph of the relinquishment refutes this assertion; it reads

I have come to the conclusion after mature consideration that I am unable and will never be able to care for the above named child and that the interest of said child will be best served by *permanent transfer of legal guardianship to the West Virginia [DHHR]* and also by his/her placement for adoption.

(Emphasis added). The form further provides "I understand that the termination of parental rights and obligations is *permanent* whether or not any agreement for visitation or communication with the child is subsequently performed." (Emphasis added). Clearly, petitioner's claim that she believed she could revoke her relinquishment "at any time before adoption" is disingenuous considering the plain language of the relinquishment form and her testimony before the circuit court that she understood the same. The circuit court did not err in finding that petitioner's

4

relinquishment was valid based on the evidence presented in petitioner's original petition for modification.

Because petitioner's voluntarily relinquishment of her parental rights to A.R. was valid, the circuit court did not err in finding that petitioner did not have standing to modify disposition pursuant to West Virginia Code § 49-4-606(a), which provides:

> Upon motion of a child, a child's parent or custodian or the department alleging a change of circumstances requiring a different disposition, the court shall conduct a hearing pursuant to section six hundred four [§ 49-4-604] of this article and may modify a dispositional order if the court finds by clear and convincing evidence a material change of circumstances and that the modification is in the child's best interests.

This Court has held that

> [a] final order terminating a person's parental rights, as the result of either an involuntary termination or a voluntary relinquishment of parental rights, completely severs the parent-child relationship, and, as a consequence of such order of termination, the law no longer recognizes such person as a "parent" with regard to the child(ren) involved in the particular termination proceeding.

*Cesar L.,* 221 W. Va. at 251, 654 S.E.2d at 375, syl. pt. 4. Further,

> [a] person whose parental rights have been terminated by a final order, as the result of either an involuntary termination or a voluntary relinquishment of parental rights, does not have standing as a 'parent,' pursuant to [West Virginia Code § 49-4-606] to move for modification of disposition of the child with respect to whom his/her parental rights have been terminated.

*Cesar L.*, 221 W. Va. at 251, 654 S.E.2d at 375, syl. pt. 6. Petitioner voluntarily relinquished her parental rights in the absence of fraud or duress. Therefore, the circuit court correctly concluded that petitioner did not have standing to modify disposition.

Petitioner also argues that the circuit court erred in finding that placement of the child in her custody was not in the child's best interests. Petitioner asserts that the circuit court's ruling was devoid of any analysis and stated only that the child's interests would not be served in her custody. In support, petitioner relies on West Virginia Code § 49-4-606(c), which provides:

> If a child has not been adopted, *the child or department may move the court* to place the child with a parent or custodian whose rights have been terminated and/or restore the parent's or guardian's rights. Under these circumstances, the court may order the placement and/or restoration of a parent's or guardian's rights if it finds by clear and convincing evidence a material change of circumstances and that the placement and/or restoration is in the child's best interests.

(Emphasis added). However, petitioner fails to recognize that West Virginia Code § 49-4-606(c) is inapplicable as neither the child nor the DHHR moved to modify the child's disposition in this case. A detailed analysis of the child's best interests was unnecessary because petitioner did not have standing to modify disposition and the parties with standing did not move to return the child to petitioner's custody. Therefore, we find petitioner is entitled to no relief.

For the foregoing reasons, we find no error in the decision of the circuit court, and its December 20, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**:  June 12, 2019

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison